Case 1:14-cv-01012-WSD   Document 16   Filed 03/23/15   Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOAN BLACKMON,

        Plaintiff,

v.                                   1:14-cv-1012-WSD

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (the "Motion") [15].

On October 20, 2014, the Court issued an order reversing and remanding the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) for further proceedings [13]. Judgment was entered on October 20, 2014 [14]. On November 24, 2014, Plaintiff, through her counsel, filed the Motion seeking an attorney's fee award.

I.      DISCUSSION

The EAJA provides that a court "shall" award costs and attorney's fees to a party who prevails against the United States in a non-tort civil action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  A party who obtains a sentence-four remand reversing the Commissioner's denial of benefits is a prevailing party for purposes of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

Plaintiff seeks an award of attorney's fees in the amount of $6,985.04.  The Commission has not opposed the attorney's fees claimed [15].

A.      Reasonableness of Hours Expended

The EAJA provides for recovery of "reasonable attorney's fees."  28 U.S.C. § 2412(d)(2)(A).  Plaintiff bears the burden of showing that the hours requested are reasonable.  See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  Reasonable hours are billable hours.  See Perkins v. Mobile Hous. Bd., 847 F.2d 735, 738 (11th Cir. 1988).  The Court, having reviewed the thirty-three (33) hours expended to provide legal services in this case, finds them to be reasonable.

B.     EAJA Hourly Rate

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [from March 1996] justifies a higher fee."  28 U.S.C. 2412(d)(2)(A)(ii); United States v. Aisenberg, 358 F.3d 1327, 1342 (11th Cir. 2004).  In this case, the parties agree that a cost of living increase justifies a higher fee proportional to the increase in the Consumer Price Index ("CPI"), a monthly calculation of the prices paid by urban consumers for a representative basket of goods and services.  See United States Department of Labor, Bureau of Labor Statistics, *Consumer Price Index*, http://www.bls.gov/cpi/.  Here, Plaintiff claims an hourly rate, CPI adjusted for each month in which services were performed, ranging from $190.33 to 191.10 per hours.  Applying these hourly rates to the 36.67 hours of legal services performed in this matter, the Court concludes that attorney's fees in the amount of $6,985.04 are reasonable and are based on a reasonable hourly rate.

C.     Payment of EAJA Fees

The Supreme Court recently held in Astrue v. Ratliff that the prevailing party, not the prevailing party's counsel, is eligible to recover attorney fees under the EAJA as part of the party's litigation expenses.  Astrue v. Ratliff, 560 U.S. 586, 591-93 (2010) (citing 28 U.S.C. § 2412(d)(1), (d)(2)(A)); see also Panola Land

Buying Ass'n v. Clark, 844 F.2d 1506, 1509-11 (11th Cir. 1988) (awarding EAJA fees to the prevailing plaintiff, not its counsel, in accordance with the specific language of the EAJA). The Eleventh Circuit in Reeves v. Astrue has held that the plaintiff, not the plaintiff's attorney, is the "prevailing party" within the meaning of the EAJA. Reeves v. Astrue, 526 F.3d 732, 736 (11th Cir. 2008). The Reeves court stated that the EAJA statute "plainly contemplates that the prevailing party will look to the opposing party for costs incurred, while attorneys and other service providers must look to the [prevailing] party for compensation for their services." Id.

The Supreme Court in Ratliff acknowledged that until 2006, the government "frequently paid EAJA fees in social security cases directly to attorneys"; however, since 2006, the government has continued the direct payment practice "only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." Ratliff, 130 S. Ct. at 2528-29 (internal quotation marks omitted).[1] In light of Ratliff, the Court determines that the award

---

[1] The rulings in Ratliff and Reeves both support that an award of EAJA attorney's fees may be offset by the government where the plaintiff owes a pre-existing debt to the United States. See Ratliff, 130 S. Ct. at 2524 (discussing government's authority to use administrative offsets); Reeves, 526 F.3d at 732 n.3 (finding that the EAJA attorney fee award was subject to the plaintiff's debt under the Debt Collection Improvement Act, 31 U.S.C. §§ 3701, 3716(a)); see also 31 C.F.R.

of EAJA fees is required to be made to Plaintiff as the prevailing party and that the award shall be in the form of a check payable to Plaintiff, as payee[2]. The check shall be sent to Plaintiff's counsel. The check will be in the total amount of $6,985.04, representing allowed attorney's fees and expenses.

## II.   CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [15] is **GRANTED** and Defendant is **DIRECTED** to transmit to counsel for Plaintiff a check in the amount of $6,985.04, payable to Plaintiff, as payee.

**SO ORDERED** this 23rd day of March, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

§ 285.5 (detailing the centralized offset of federal payments to collect nontax debts owed to the United States).

[2] The Court does not find that the attachment to the motion a sufficient assignment by Plaintiff to her counsel of an award of fees to Plaintiff.